FILED
2007 Mar-21 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

BEFORE THE JUDICIAL PANEL
ON MULTI DISTRICT LITIGATION

IN RE: KUGEL MESH HERNIA PATCH )
LITIGATION ) MDL No. 1842

**MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407, Lilyan Kathleen Hall and Alonzo Hall (hereinafter "Movants"), who are the plaintiffs in Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP, move to transfer, coordinate, and consolidate the related actions in this proceeding in the U.S. District Court for the Northern District of Alabama.

1. Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP, was filed on March 16, 2007, and is pending in the U.S. District Court for the Northern District of Alabama.

2. Hall v. Davol, ante, is an action related to this proceeding. It involves the same product, the same defendants, and many or all of the same claims made in the related actions subject to the proceeding. Those conclusions are demonstrated by the complaint in Hall v. Davol (**Tab 1** of the courtesy submission, note 1, post, covered by the Hall v. Davol docket sheet).

3. All related actions, by order of the the Judicial Panel on Multidistrict Litigation ("JPML"), should be transferred to and consolidated with Hall v. Davol in the Northern District of Alabama. These related actions include the lawsuits cited in the accompanying schedule of related actions and any subsequent suits in which similar or related claims are asserted.

4. The Northern District of Alabama is particularly well suited to administer multidistrict litigation ("MDL") comprised of Hall v. Davol and all related actions. It possesses all the attributes required or desired for a MDL court.

5. The Northern District of Alabama is convenient and centrally located, among other attributes, in relation to these related actions.

6. The Movants have responded to the motion in this proceeding of Sonia Montiel and Carol Nunes-McNamara, who are the plaintiffs in Montiel v. Davol, Inc., Case No. 07-064, U.S. District Court for the District of Rhode Island, for transfer, coordination, and consolidation of the related actions in the District of Rhode Island.

7. Other than possibly greater convenience for Defendants Davol, Inc., and C.R. Bard, Inc.("Davol" and/or "Bard"), nothing recommends the District of Rhode Island over the Northern District of Alabama for purposes of transfer, coordination, and consolidation of these related actions.

8. The Movants' lawsuit against Davol and Bard is pending in the Northern

District of Alabama, but is not identified as a related action in the above-cited motion of the Montiel plaintiffs. The Movants' lawsuit was filed after the Montiel plaintiffs filed their motion.

9. A copy of this Motion shall be filed this day in Hall v. Davol, before the Northern District of Alabama, as required by 28 U.S.C. § 1407(c)(ii), and served upon Davol and Bard, who are the defendants in Hall v. Davol.

10. This Motion is supported by the accompanying memorandum, which is followed by a schedule of related actions and by proof of service.[1]

WHEREFORE, the Movants respectfully request that the JPML order that the related actions in this proceeding and all subsequent related actions be transferred to the Northern District of Alabama and consolidated and coordinated with Hall v. Davol.

[1] Courtesy copies of the complaints and docket sheets in the Movants' lawsuit and related actions most recently filed are submitted to the JPML at **Tabs 1-5** of an item accompanying the Motion. "Provide the Panel with one courtesy copy of each complaint and docket sheet for the cases on your motion." Checklist for Filing a New MDL Motion for 28 U.S.C. § 1407 Transfer. The courtesy records are not for filing and are not served with the Motion. Presumably, the Panel already has received courtesy copies of the complaints and docket sheets in the eight related actions on the motion in this proceeding of the plaintiffs in Montiel v. Davol, Inc., Case No. 07-064. Those eight related actions predate the more recently filed cases documented at **Tabs 1-5**.

Respectfully submitted this 21st day of March, 2007:

____________________________

W. Lewis Garrison, Jr.
Ala. State Bar No. ASB-3591-N74W
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203

*Counsel for Plaintiffs Lilyan Kathleen Hall and Alonzo Hall*
Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP
(In re: Kugel Mesh Hernia Patch Litigation, MDL No. 1842)

*Of Counsel:*

Timothy C. Davis
William L. Bross
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203

Case 3:07-01-00480-TMD Document 3 Filed 06/21/2007 Page 5 of 18

BEFORE THE JUDICIAL PANEL
ON MULTI DISTRICT LITIGATION

IN RE: KUGEL MESH HERNIA PATCH )
LITIGATION ) MDL No. 1842

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, PURSUANT TO 28 U.S.C. § 1407**

The Movants submit this Memorandum to support of their Motion.

1. As of today's date, fourteen lawsuits are pending in federal courts in which claims of injury are made against Davol and/or Bard for harm allegedly caused by the mesh hernia patch those entities made and sold as a medical device. A schedule of those related actions following this Memorandum identifies those suits and courts in which they are pending. (Records of the most recent of those suits are **Tabs 1-5** of the courtesy submission).

2. The actions for which transfer, coordination, and consolidation are proposed arise out of the same conduct and allege similar claims. Each action alleges that Davol and/or Bard defectively designed and manufactured the Composix© Kugel Mesh Patch that was surgically implanted in the plaintiffs.

3. Centralization of the related actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of the actions, will serve the convenience of all parties and witnesses, and will promote the

interests of justice.

4. The related actions involve common factual and legal issues.

5. The Movants adopt for purposes of this Motion the following part of the argument for transfer, coordination, and consolidation made by the Montiel plaintiffs in their pending motion for transfer, etc.: In re: Kugel Mesh Hernia Patch Litigation, MDL No. 1842, Motion for Transfer (etc.) (of Montiel plaintiffs), February 23, 2007, at ¶ 4.a.-i., and Memorandum in Support (of Montiel plaintiffs), February 23, 2007, at pp. 5-8 (Argument A. & A.1.).

6. The above-cited part of the Montiel plaintiffs' argument for transfer, coordination, and consolidation pursuant to 28 U.S.C. § 1407 is well reasoned and convincing. However, the Movants disagree with the Montiel plaintiffs that the District of Rhode Island possesses the attributes required or desired for this MDL. The Montiel plaintiffs request that a MDL for the related actions be created in the District of Rhode Island. That request and the argument for it are made in a part of the Montiel plaintiffs' motion that the Movants do not adopt.

7. The District of Rhode Island is not a convenient court for transfer and consolidation of the related actions, whereas the Northern District of Alabama, where the Movants' lawsuit is pending, is convenient for transfer and consolidation.

8. The Northern District of Alabama is far more convenient than the District

of Rhode Island for the plaintiffs in six of the eight related actions on the pending motion of the Montiel plaintiffs. See 28 U.S.C. § 1407(a) (requiring a determination that transfer "will be for convenience of parties," among other reasons). Those six actions, which are identified more fully on the accompanying schedule of related actions, are Carter v. Davol, E.D. Ark.; Campbell v. Davol, W.D. Ark.; Gleber v. C.R. Bard, E.D. La.; Edgar v. Davol, E.D. Missouri; Wilson v. Davol, N.D. Fla.; Mathien v. C.R. Bard, C.D. Ill. For one of the other two actions (Poston v. Davol, E.D. Cal.), the Northern District of Alabama is at least as convenient as the District of Rhode Island.

9. Counsel for the Movants and at least one other counsel of record for the plaintiffs in the related actions (specifically plaintiff's counsel in Wilson v. Davol) maintain offices in Birmingham, Alabama, which is the location of the Northern District of Alabama. The Northern District of Alabama is more convenient than the District of Rhode Island for that reason.

10. Birmingham, Alabama, is a major metropolis and a transportation hub. It is equally accessible to travelers from anywhere in the United States as Providence, Rhode Island, which is where the District of Rhode Island is located.

11. The Northern District of Alabama has very substantial experience in successfully administering large MDLs involving complex matters of medical

product liability. See In re Silicone Gel Breast Implants Products Liability, 793 F.Supp. 1098 (J.P.M.L. 1992).

12. According to the Montiel plaintiffs, since (at least) 1968, no case ever has been transferred to the District of Rhode Island for purposes of coordination and consolidation under 28 U.S.C. § 1407. The District of Rhode Island, accordingly, has no experience comparable to the record of the Northern District of Alabama as a judicial district to which large numbers of medical product liability actions have been transferred pursuant to 28 U.S.C. § 1407.

13. Lawsuits against Davol in the state courts of Rhode Island, the existence of which the Montiel plaintiffs invoke as a reason for creating a MDL in the District of Rhode Island, have no bearing on or relevance to the convenience of parties to civil suits in federal courts, namely these related actions. E.g., Blumenthal v. Management Assistance, Inc., 480 F.Supp. 470, 473-74 (N.D. Ill 1979) ("Yet another factor to be considered is the rule that a case should be transferred to a district where a related case is pending. However, this rule only applies where the related case is a federal civil case, since the pendency of state actions does not relate to convenience of parties in the federal forum . . . The defendant has noted that there are three related actions currently pending in various New York courts. Two of these cases are pending in state courts, and are irrelevant to the transfer decision, since

consolidation is impossible.").

14. The docket of the Northern District of Alabama is not congested. The Northern District of Alabama has the resources and capability to promptly and efficiently conduct a MDL of these related actions.

15. The Movants' lawsuit is in the early stages of litigation, and the parties to it would not be prejudiced if it is consolidated with the related actions.

16. The Movants' complaint against Davol and Bard seeks damages on causes of action for breach of warranty, failure to warn, suppression, strict liability, loss of consortium, and negligence/product liability. Hall v. Davol, Complaint at ¶¶ 29-66 (**Tab 1**). The Movants' suit is much more closely aligned with the damages claims in the related actions than is the equitable claim for medical monitoring asserted in Montiel by the Montiel plaintiffs. Compare Hall Complaint at ¶¶ 29-66, with Carter v. Davol, Case No. 4:06 CV 01012 JLH (E.D. Ark.), Order (Doc. No. 15, October 11, 2006), and Wilson v. Davol, Case No. 3:06 CV 541/MCR/EMT (N.D. Fla.), Joint Rule 26(f) Report (Doc. No. 13, February 5, 2007), and Hyland v. Davol, 2:07 CV 01054-ETB (E.D. N.Y.) (**Tab 4**), Complaint (January 23, 2007) at p.24, ¶¶ 138-142 (loss of consortium).

## CONCLUSION

The Motion is due to be granted for the foregoing reasons.

Case 3:07-cv-00480-TMP Document 3 Filed 06/21/2007 Page 10 of 18

Respectfully submitted this 21st day of March, 2007:

W. Lewis Garrison, Jr.
Ala. State Bar No. ASB-3591-N74W
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203

*Counsel for Plaintiffs Lilyan Kathleen Hall and Alonzo Hall*
Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP
(In re: Kugel Mesh Hernia Patch Litigation, MDL No. 1842)

*Of Counsel:*

Timothy C. Davis
William L. Bross
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203

## SCHEDULE OF RELATED ACTIONS

1. Listed in the schedule accompanying the motion of Sonia Montiel and Carol Nunes-McNamara – who are the plaintiffs in Montiel v. Davol, Inc., Case No. 07-064 (U.S. Dist. Ct., District of Rhode Island) – for transfer, coordination, and consolidation pursuant to 28 U.S.C. § 1407 are these eight related actions:

Carter v. Davol, Case No. 4:06 CV 01012 JLH (E.D. Ark.);

Wilson v. Davol, Case No. 3:06 CV 0541/MCR/EMT (N.D. Fla.);

Campbell v. Davol, Case No. 5:06 CV 05154 (W.D. Ark);

Gleber v. C.R. Bard, Case No. 2:06 CV 05837 (E.D. La.);

Essen v. C.R. Bard, Case No. 2:06 CV 04786 (D. N.J.);

Edgar v. Davol, Case No. 4:06 CV 01471 (E.D. Missouri);

Poston v. Davol, Case No. 2:07 CV 0032 (E.D. Cal.); and

Mathien v. C.R. Bard, Case No. 2:07 CV 02031 (C.D. Ill.).

(The Montiel plaintiffs also list their own suit in the District of Rhode Island, which is Montiel v. Davol, Inc., Case No. 07-064.)

2. The above eight actions are actions related to the Movants' complaint against Davol and Bard pending in the Northern District of Alabama.

3. Four actions not identified by the Montiel plaintiffs in the schedule accompanying their motion for transfer, coordination, and consolidation are

pending in federal courts and involve claims against Davol and Bard that are identical or closely similar to the claims of the Movants. They are:

Sayler v. Davol, Case No. 1:07 CV 0765-LW (N.D. Ohio) (complaint and docket sheet at **Tab 2**);

Luffman v. C.R. Bard, 3:07 CV 0243 (M.D. Tenn.) (complaint and docket sheet at **Tab 3**);

Hyland v. Davol, 2:07 CV 01054-ETB (E.D. N.Y.) (complaint and docket sheet at **Tab 4**); and

Katechis v. Davol, 1:07 CV 02098-BSJ (S.D. N.Y.) (complaint and docket sheet at **Tab 5**).

(The Movants' complaint is at **Tab 1**. The case is Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP (N.D. Ala.).)

4. The above four actions are actions related to the Movants' complaint against Davol and Bard pending in the Northern District of Alabama.

Case 3:07-cv-00480-TMA Document 3 Filed 03/27/2007 Page 13 of 18

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing notice has been served upon all counsel identified on the Involved Counsel List, plus attorneys of record in recently-filed related actions, by depositing same in the United States mail, postage prepaid, this 21st day of March, 2007, as follows:

Callis L. Childs
Attorney at Law
243 U.S. Highway 64 East
Conway, AR 72032
Counsel for Plaintiffs: Carolene Jean Carter, et al.,
E.D. Arkansas, C.A. No. 04:06-01012

Cindy L. Hawkins
Attorney at Law
P.O. Box 805
105 Holcomb Street
Springdale. AR 72765-0809
Counsel for Plaintiffs: Mary Jane Campbell et al.,
W.D. Arkansas. C.A. No. 05:06- 05154

Christine Lynn DeSue
Franklin G. Shaw
Leger & Mestayer
600 Carondelet Street. 9th Floor
New Orleans, LA 70130
Counsel for Plaintiffs: Faye Gleber, et al.,
E.D. Louisiana. C.A. 2:06- 05837

Harris L. Pogust
Pogust & Braslow, LLP
161 Washington Street, Suite 1520
Conshocken, PA 19428
Counsel for Plaintiffs: Jenine Von Essen, et al.,
D. New Jersey, C.A. No. 2:06-04786

Maurice B. Graham

Case 3:07-cv-01804-TMF Document 3 Filed 07/09/2007 Page 14 of 18

M. Graham Dobbs
Gray & Bitter, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826
Counsel for Plaintiffs: Timothy J. Edgar, et al.,
E.D. Missouri. C.A. No. 4:06-01471

Bradley Syfrett Odom
Kievit Odom & Barlow
635 W. Garden Street
Pensacola, FL 32502
Counsel for Plaintiffs: Jane R. Wilson, et al.,
N.D. Florida, C.A. No. 3:06-00541

Craig Philip Niedenthal
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
Counsel for Plaintiffs: Jane R. Wilson, et al.,
N.D. Florida, C.A. No. 3:06-00541

Jonathan Alan Saul
Thomas Minder and Associates
2151 River Plaza Drive, Suite 290
Sacramento, CA 95S33
Counsel for Plaintiffs: Daniel Poston, Darline Poston. et al.,
E.D. California. C.A. No.2 :01-00032

Douglas Phebus
Lawton & Cates
10 East Doty
Madison, WI 53703
Counsel for Plaintiffs: James Daniel Mathein, et al.,
C.D. Illinois. C.A. No. 2:07-02031

Joseph W. Phebus
Phebus & Koester
136 W Main Street

Urbana, IL 61801
Counsel for Plaintiffs: James Daniel Mathein, et al.,
C.D. Illinois, C.A. No. 2:07-02031

Donald A. Migliori
Motley Rice LLC
321 S. Main Street. 2nd Floor
P.O. Box 6067
Providence, RI 02940-6067
Counsel for Plaintiffs: Sonia Montiel, et al.,
D. Rhode Island, C.A. No. 1:07-00064

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Hery Leventis
Carmen Scott
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Counsel for Plaintiffs: Sonia Montiel, et al.,
D. Rhode Island, C.A. No. 1:07-00064

Edward A. Wallace
Mark R. Miller
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Counsel for Plaintiffs: Sonia Montiel, et al.,
D. Rhode Island, C.A. No. 1:07-00064

Teresa C. Toriseva
Kathy A. Brown
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
Counsel for Plaintiffs: Sonia Montiel, et al.,

Case 1:07-cv-01803-TWP Document 3 Filed 06/21/2007 Page 16 of 18

D. Rhode Island, C.A. No. 1:07-00064

David A. Hodges
Attorney at Law
Centre Place
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Counsel for Plaintiffs: Carolene Jean Carter, et al.,
E.D. Arkansas, C.A. No. 04:06-01012

Dana Alan Gausepohl
Kirby T. Griffis
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
Counsel for Defendants Davol, Inc., C.R. Bard, Inc.,
in multiple related actions

Lyn Peeples Pruitt
Mitchell, Williams, Selig, Gates & Woodyard, PLLC – LR
425 W. Capitol Avenue, Suite 1800
Little Rock, AR 72201
Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,
E.D. Arkansas. C A. No. 04:06-01012

Stanton E. Shuler, Jr.
Lauren Fajoni Bartlett
Leake & Anderson, LLP
Energy Centre
1100 Poydras Street. Suite 1700
New Orleans. LA 70163-1701
Counsel for Defendants: C.R. Bard. Inc., Bard Access Systems, Inc.,
E.D. Louisiana. C.A. 2:06- 05837

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street

Newark, NJ 07101
Counsel for Defendants: C.R. Bard, Inc.. Davol, Inc.,
D. New Jersey, C.A. No. 2:06-04786

Dennie M. Zankel
Baker and Sterchi, L.L.C.
1010 Market Street, Suite 950
St. Louis, MO 63101
Counsel for Defendant: Davol, Inc.,
E.D. Missouri, C.A. No. 4:06-01471

John M. Kvartek
Clark Partington Hart Larry Bond & Stackhouse
125 W. Romana Street. Suite 800
P0 Box 13010
Pensacola, FL 32591-3010
Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,
N.D. Florida. C.A. No. 3:06-00541

Thomas M. Frieder
Hassard Bonnington, LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111-3993
Counsel for Defendant: Davol, Inc.,
E.D. California, C.A. No. 2:07-00032

Peter J. Brodhead
Spangenberg, Shibley & Liber
1900 East Ninth Street, Suite 2400
Cleveland OH 44114
Counsel for Plaintiffs: Saylor v. Davol,
Case No. 1:07 CV 0765-LW, U.S. Dist. Ct., N.D. Ohio

Davol, Inc.
100 Sockanosset Crossroad
Cranston RI 02920
Defendant: Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP

C.R. Bard, Inc.
730 Central Avenue
Murray Hill NJ 07974
Defendant: Hall v. Davol, Inc., Case No. 3:07 CV 0480

Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, NW
9th Floor
Washington, DC 20005
For Defendants in Luffman v. Bard

Melissa Loney Stevens
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
P O Box 1792
Knoxville, TN 37901-1792
For Defendants in Luffman v. Bard

Samuel J. Abate, Jr.
McCarter & English, LLP
245 Park Avenue
New York, NY 10167
For Defendants in Hyland v. Bard, Katechis v. Davol

Andrew John Carboy, Sr.
Sullivan Papain Block McGrath & Cannavo
120 Broadway, 18th Floor
New York, NY 10271
For Plaintiffs in Hyland v. Bard, Katechis v. Davol

Donald D. Zuccarello
Law Office of Donald D. Zuccarello
3209 West End Avenue
Nashville, TN 37203
For Plaintiff in Luffman v. Bard

W. Lewis Garrison, Jr.