FILED
2007 Apr-09 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **LILYAN KATHLEEN HALL and ALONZO HALL,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION: 3:07 CV 0480 - TMP** |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **DAVOL, INC. and C.R. BARD, INC.,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL, INC. AND C.R. BARD, INC.**

Defendants Davol, Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through their counsel, answer Plaintiffs' Complaint as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendant Davol, Inc. ("Davol, Inc.") admits that it is a subsidiary of Defendant C.R. Bard, Inc. ("C.R. Bard, Inc.") organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol, Inc. further admits that limited manufacturing of

the Composix® Kugel® Patch has occurred in Rhode Island. Davol, Inc. denies each and every other allegation contained in Paragraph 2.

3. C.R. Bard, Inc. admits that it is organized under the laws of the State of New Jersey and that Davol, Inc. is its subsidiary. C.R. Bard, Inc. denies that it participated in the manufacturing or distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol, Inc. with materials in regard to the Composix® Kugel® Hernia Patch. Defendants admit that they do business in Alabama.

## JURISDICTION

4. Defendants state that the allegations in Paragraph 4 are conclusions of law and no answer is required. To the extent an answer is required, Defendants admit that this Court has jurisdiction over this matter. Defendants deny each and every remaining allegation in Paragraph 4.

5. Defendants state that the allegations in Paragraph 5 are conclusions of law and no answer is required. To the extent an answer is required, Defendants admit that this Court has jurisdiction over this matter. Defendants deny each and every remaining allegation in Paragraph 5.

## FACTS

6. The allegations in this paragraph are not directed to C.R. Bard, Inc. Davol, Inc. admits that it designed, distributed, and manufactured the Composix® Kugel®

Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6, Davol, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. The allegations in this paragraph are not directed to C.R. Bard, Inc and C.R. Bard, Inc. denies same. Davol, Inc. admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the complaint, Davol, Inc. does not know what is meant by "delivery" beyond the meaning of "distributed," which has been admitted, or Davol, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol, Inc. accordingly denies the remaining allegations.

8. To the extent that the allegations in this paragraph are directed to C.R. Bard, Inc., it denies those allegations. Davol, Inc. admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol, Inc.'s Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is

required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Paragraph 15 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Paragraph 16 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Paragraph 17 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is

required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. The allegations in this paragraph are not directed to C.R. Bard, Inc and C.R. Bard, Inc. denies same. Davol, Inc. admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol, Inc. denies the remaining allegations of this paragraph.

19. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

20. The allegations in this paragraph are not directed to C.R. Bard, Inc and C.R. Bard, Inc. denies same. Davol, Inc. admits that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Davol, Inc. further states that these products have since been returned to the market with FDA approval. As to the remaining allegations contained in Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

21. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol, Inc. further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

22. Defendants incorporate their responses to Paragraphs 20 and 21 and deny the remaining allegations of Paragraph 22.

23. The allegations in this paragraph are not directed to C.R. Bard, Inc and C.R. Bard, Inc. denies same. Davol, Inc. admits that it issued a letter to certain healthcare professionals on or about March 24, 2006. Davol, Inc. admits that the letter was meant to advise doctors about a limited voluntary recall of certain Composix® Kugel® Hernia Patches. Answering further, Davol, Inc. states that the aforementioned letter speaks for itself, and Defendant therefore denies the remaining allegations in Paragraph 23.

24. Defendants incorporate their responses to Paragraphs 20 and 21 and deny the remaining allegations of Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## COUNT I - Negligence

29. In response to Paragraph 29 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

31. The allegations in Paragraph 31 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

32. The allegations in Paragraph 32 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

33. The allegations in Paragraph 33 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

34. The allegations in Paragraph 34 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

35. The allegations in Paragraph 35 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

36. The allegations in Paragraph 36 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

37. The allegations in Paragraph 37 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

38. The allegations in Paragraph 38 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

39. The allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT II – Alabama Extended Manufacturer's Liability Doctrine**

40. In response to Paragraph 40 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

41. C.R. Bard, Inc. denies the allegations of Paragraph 41. Davol, Inc. admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol, Inc. denies the remaining allegations in Paragraph 41.

42. The allegations in Paragraph 42 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

43. Davol, Inc. admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and Defendants therefore deny those allegations.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and Defendants therefore deny those allegations.

45. The allegations in Paragraph 45 and its subparts (a) through (j) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

46. Defendants deny the allegations in Paragraph 46.

47. The allegations in Paragraph 47 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

48. The allegations in Paragraph 48 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT III – Failure to Warn**

49. In response to Paragraph 49 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

50. Davol, Inc. admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. C.R. Bard, Inc. denies these allegations.

51. The allegations in Paragraph 51 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

52. The allegations in Paragraph 52 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations. Answering further, Defendants state that the Composix® Kugel® Hernia Patch, as distributed for use by prescribing physicians, was accompanied by adequate warnings, labeling, and/or instructions.

53. The allegations in Paragraph 53 are conclusions of law and no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph of 53 and therefore deny those allegations.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and Defendants therefore deny those allegations.

55. The allegations in Paragraph 55 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

56. The allegations in Paragraph 56 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

## COUNT IV – Breach of Warranty of Merchantability

57. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

58. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

59. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

60. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

61. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

## COUNT V – Fraud – Suppression and Misrepresentation

62. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

63. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

64. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

65. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

**COUNT VI – Loss of Consortium**

66. The allegations in Paragraph 66 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

Case 3:07-cv-01804-LJO-DLB Document 5-6 Filed 04/09/2007 Page 15 of 19

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or

diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owes no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Alabama constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth,

such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Alabama constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Alabama and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Alabama.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: April 9, 2007

*/s/ Duncan Y. Manley*
Duncan Y. Manley
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205.250.6613
Fax: 205.328.7234
email: dym@csattorneys.com

*COUNSEL FOR DEFENDANT DAVOL, INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Lewis Garrison, Jr., Esq.
Timothy C. Davis, Esq.
William L. Bross, Esq.
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

*/s/ Duncan Y. Manley*
OF COUNSEL