FILED
2007 Apr-25 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

BEFORE THE JUDICIAL PANEL
ON MULTI DISTRICT LITIGATION

IN RE: KUGEL MESH HERNIA PATCH )
LITIGATION ) MDL No. 1842

**REPLY BRIEF IN SUPPORT OF MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, PURSUANT TO 28 U.S.C. § 1407**

Pursuant to J.P.M.L. Local Rule 7.2(d), the Plaintiffs in Hall v. Davol, Case No. 3:07 CV 0480-TMP, hereby reply in support of their motion to transfer, coordinate, and consolidate the related actions in the U.S. District Court for the Northern District of Alabama. This reply addresses responses received by the Plaintiffs (also identified below as "Movants) by Monday, April 23, 2007.

The Plaintiffs and the plaintiffs in Montiel v. Davol, Inc., Case No. 07-064, agree that a MDL is appropriate for the related cases. They disagree over the judicial district where the MDL should be placed. The Montiel plaintiffs argue for the District of Rhode Island, where their suit (which they amended after moving for a MDL) is pending. The Movants argue for the Northern District of Alabama, where their suit (Hall v. Davol) is pending.

Case 3:07-cv-01804-MLJ/MDA Document 10 Filed 04/25/2007 Page 2 of 20

The Montiel plaintiffs assert in their response (which is entitled "Omnibus Reply," March 28, 2007) that the Movants have not explained reasons for placing the MDL in the Northern District of Alabama. Omnibus Reply at p.8. That assertion is addressed below, with emphasis on factors favoring the Northern District of Alabama over the District of Rhode Island. Fourteen such factors are explained. Also addressed are certain contentions of Defendants Davol, Inc., and C.R. Bard Inc.("Davol" and/or "Bard") in opposition to a MDL.

## A. THE RELEVANT FACTORS FAVOR THE NORTHERN DISTRICT OF ALABAMA OVER THE DISTRICT OF RHODE ISLAND.

1. The docket of the Northern District of Alabama is less congested now than at any time in the recent past, and civil cases in it are being resolved at a faster pace than in the recent past. **Exhibit A** of this reply is a table compiled and published by Administrative Office of the United States Courts,[1] and it shows that civil filings in the Northern District of Alabama fell more than twenty-five percent in the most recent statistical year (ending March 31, 2006). The same table shows that the number of civil cases pending in the district has fallen by over fourteen percent (as of March 31, 2006). By comparison, **Exhibit A** shows that the number of civil cases pending in the District of Rhode Island rose by over five percent, year over year,

[1] The tables that are **Exhibits A-B** are available online at www.uscourts.gov/caseload2006/contents.html (Federal Judicial Caseload Statistic, March 31, 2006, Appendix: Detailed Statistical Tables, U.S. District Courts - Civil).

from March 31, 2005, to March 31, 2006.

2. The Northern District of Alabama is at its authorized strength of eight active Article III judges, an improvement from recent past years in which vacancies occurred. That fact, viewed alongside the statistical report cited above, strongly indicates that civil cases commenced in the district this year will move more quickly to resolution than before. The availability in the district of experienced magistrate judges increases that likelihood. Compare In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969) (concurrence) (criteria to consider include "availability of a judge or judges in the proposed transferee court or courts"). In the event a MDL is created, a magistrate judge can discharge the responsibilities of the proceeding (or help shoulder the responsibilities), if the Court wishes. 28 U.S.C. § 636(b)(3); In re San Juan Dupont Plaza Hotel Fire Litigation, 117 F.R.D. 30 (D. Puerto Rico 1987); see also Wright & Miller, 12 Fed. Prac. & Proc. Civ.2d § 3068.1 (likening magistrate judges' authorized duties to "the authority of a transferee district judge who receives cases under the Multidistrict Litigation Act").

3. The experienced magistrate judges of the Northern District of Alabama include the magistrate judge to whom Hall v. Davol presently is referred (Hon. T. Michael Putnam). Magistrate Judge Putnam has previously presided in complex medical device cases. E.g., McCormick v. Aderholt, 293 F.3d 1254 (11th Cir. 2002)

(affirming decision and opinion of Magistrate Judge Putnam). He also has authored significant Daubert decisions (another relevant credential). Brasher v. Sandoz Pharm. Corp., 160 F. Supp.2d 1291 (N.D. Ala. 2001); Globetti v. Sandoz Pharm. Corp., 111 F. Supp.2d 1174 (N.D. Ala. 2000).

4. **Exhibit B**, also a table compiled and published by the Administrative Office of the United States Courts, shows that the amount time from filing to disposition of civil cases in the Northern District of Alabama compares favorably to the same measure in the District of Rhode Island. The statistics show nineteen months as the median in the Northern District of Alabama, compared to seventeen months in the District of Rhode Island. That is a much closer comparison, and more to the point, than the information reported by the Montiel plaintiffs in their response. Omnibus Reply at pp. 8-9 (reporting medians from filing to trial of 19 and 28.5 months, respectively, in District of Rhode Island and Northern District of Alabama).[2] Equally important, in view of the other facts cited above – namely, far fewer civil filings, the drop in the number of civil cases pending (versus a rise in the District of Rhode Island), and judicial vacancies filled – the median time from filing to disposition should improve in favor of the Northern District of Alabama from this

---

[2] The Movants' comparison is "more to the point" because disposition of the coordinated pretrial proceedings that is the purpose of a MDL is a more appropriate measure than the amount of time to trial of individual cases (the statistic the Montiel plaintiffs present).

year forward.

5. The Northern District of Alabama "provides a relatively central situs in regard to the geographic dispersal of the constituent and potential tag-along actions." In re Ortho Evra Products Liability Litigation, MDL 1742, Transfer Order at p. 2 (J.P.M.L. March 1, 2006). The Montiel plaintiffs cannot make that claim for the District of Rhode Island. Of the seven related actions which remain with Montiel on the Montiel plaintiffs' motion for a MDL (Gleber v. C.R. Bard, Case No. 2:06 CV 05837, having been withdrawn), six actions are either closer or much closer to Birmingham, Alabama, where the Northern District of Alabama is located, than to Providence, Rhode Island, where the District of Rhode Island is located. Distances in highway driving miles, courthouse zip code to courthouse zip code, establish Birmingham as proximate and Providence as remote (or extremely remote), as follows:

Carter v. Davol, Case No. 4:06 CV 01012 JLH
U.S. District Court, Eastern District of Arkansas
Little Rock to Birmingham, 378.5 miles, versus
Little Rock to Providence, 1,418.5 miles

Campbell v. Davol, Case No. 5:06 CV 05154
U.S. District Court, Western District of Arkansas
Fort Smith to Birmingham, 527.1 miles, versus
Fort Smith to Providence, 1,574.5 miles

Edgar v. Davol, Case No. 4:06 CV 01471
U.S. District Court, Eastern District of Missouri

St. Louis to Birmingham, 499.2 miles, versus
St. Louis to Providence, 1,155.9 miles

Wilson v. Davol, Case No. 3:06 CV 0541/MCR/EMT
U.S. District Court, Northern District of Florida
Pensacola to Birmingham, 252.7 miles, versus
Pensacola to Providence, 1,394.8 miles

Poston v. Davol, Case No. 2:07 CV 0032
U.S. District Court, Eastern District of California
Sacramento to Birmingham, 2,339.3 miles, versus
Sacramento to Providence, 3,000.3 miles

Mathein v. C.R. Bard, Case No. 2:07 CV 02031
U.S. District Court, Central District of Illinois
Urbana to Birmingham, 569.8 miles, versus
Urbana to Providence, 1,038.6 miles.

6. The four lawsuits added by the Movants as related actions to this proceeding, plus two even newer suits which are a noticed tag-along or a potential tag-along, amplify the remoteness of Providence shown above. Those additional suits are, with the four added by the Movants first: (a) Sayler v. Davol, Case No. 1:07 CV 0765-LW, U.S. District Court, Northern District of Ohio, Cleveland, which is about equally distant from Birmingham and Providence; (b) Luffman v. C.R. Bard, 3:07 CV 0243, U.S. District Court, Middle District of Tennessee, Nashville, which is much closer to Birmingham than to Providence; (c) Hyland v. Davol, 2:07 CV 01054-ETB, U.S. District Court, Eastern District of New York, and Katechis v. Davol, 1:07 CV 02098-BSJ, U.S. District Court, Southern District of New York, both of which are

closer to Providence than to Birmingham; (d) DiLeonardo v. Davol, 1:07 CV 1540, U.S. District Court, Eastern District of New York, noticed as a tag-along action on April 19, 2006, in which six of eight total plaintiffs are closer or much closer to Birmingham than to Providence, because they reside in Alabama (Plaintiffs Mobleys), Virginia (Plaintiffs Brays), and Illinois (Plaintiffs Peters); and (e) Montgomery v. Davol, 3:07 CV 0176, U.S. District Court, Northern District of Florida, Pensacola, which is much closer to Birmingham than to Providence.

7. Montgomery, ante, was filed April 20, 2007, and has not been noticed as a tag-along (not yet, to the Movants' knowledge). It is a "potential tag-along action" within the meaning of In re Ortho Evra quoted above; therefore, its very close proximity to the Northern District of Alabama must be weighed. See also In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. at 255 (Panel should take into account locations of prospective related actions). Montgomery is geographically as close to Birmingham as Wilson v. Davol, ante, which is pending in the same district as Montgomery. For both of those suits, Providence is extremely remote compared to Birmingham.

8. In the lawsuit of the Movants (Hall v. Davol), the following claims are asserted: negligence (Count I), Alabama Extended Manufacturer's Liability Doctrine (Count II), failure to warn (Count III), breach of warranty (Count IV), fraud (Count

V), and loss of consortium (Count VI). The claims are thoroughly supported by allegations of injury caused by the allegedly defective medical device at issue in all the related actions (the mesh hernia patch). The claims and remedies rest on Alabama law that aligns with the claims of product warranty, strict product liability, negligence, duty to warn (failure to warn), loss of consortium, and fraud in the constituent actions of this proceeding and in related lawsuits that can be expected ahead. Compare Ala. Code Sec. 7-2-318 (entitled "Third-party beneficiaries of warranties express or implied") (creating a warranty cause of action against product manufacturers in cases of bodily injury; eliminating requirement of privity in such cases); Walls v. Alpharma USPD, Inc., 887 So.2d 881 (Ala. 2004) (applying "learned intermediary" doctrine; surveying other jurisdictions);[3] Delta Health Group, Inc. v. Stafford, 887 So.2d 887, 898-99 (Ala. 2004) (stating that fraud claims may be brought by third parties to misrepresentation or concealment if they are harmed as a result

[3] Similarities abound among states in the common law (the "learned intermediary" doctrine) surveyed and applied in Walls, ante, with facts made relevant and discoverable by that law equally similar, as this example illustrates: "[W]hen the warning to the intermediary [the doctor] is inadequate or misleading, the manufacturer remains liable for injuries sustained by the ultimate user." Porterfield v. Ethicon, Inc., 183 F.3d 464, 468 (5th Cir. 1999) (claim against mesh patch manufacturer decided under Texas law); accord McNeil v. Wyeth, 462 F.3d 364, 373 (5th Cir. 2006) (applying the learned intermediary doctrine in suit by patient against manufacturer of drug).

Case 3:07-cv-00430-LTMD Document 110 Filed 04/25/2007 Page 9 of 20

of misrepresentation or concealment).[4] Accordingly, the Movants' suit, because of the breadth of claims and specific facts they allege to support them, is comprehensive of the primary claims and factual allegations of the related actions. Compare Montgomery, ante, Complaint at ¶¶ 23-41, ¶¶ 52-65; and DiLeonardo, ante, Complaint at ¶¶ 72-198, and Wilson, ante, Joint Rule 26(f) Report at p. 2, ¶a (Doc. No. 13, February 5, 2007), and Hyland, ante, Complaint at p.24, ¶¶ 138-142 (loss of consortium).

______9. Hall v. Davol is highly representative of the related actions, as shown. It expresses and reflects commonality of questions of fact and law among the actions. With those attributes, it is the action most appropriate for coordinating and consolidating the actions. Counsel for the plaintiffs in the two related actions pending in the judicial districts of Arkansas expressly agrees. Amendment to Response at ¶ 2 (April 2, 2007) (submitted by designated counsel for plaintiffs Mary Jane Campbell, Carolene Jean Carter, et al., in W.D. Arkansas Case No. 06-5154 and E.D. Arkansas Case No. 06-01012). No disagreeing position has been submitted.

10. Defendants Davol and Bard, despite having substantial ties to the State

[4] The Hall Defendants have moved to dismiss the Movants' warranty and fraud claims. Their motion and brief in support do not cite or address, much less dispose of, the Alabama code section (7-2-318) and precedent the Movants cite here, which are authorities clearly against the motion to dismiss. The Court in Hall has ordered that the schedule on the motion, including the filing of the Movants' opposition, will be set by later order. There is no briefing schedule presently.

Case 3:07-cv-01842-DLTMDA Document 2-1 Filed 04/27/2007 Page 10 of 20

of Rhode Island, deny that any convenience would result from placing the MDL in the District of Rhode Island (if a MDL is ordered at all, that is; they oppose a MDL). Defendants' Memorandum (March 20, 2007) at pp. 14, 17.

11. Birmingham is served by three federal interstate highways (I-65, I-59, I-20), versus the one which serves Providence (I-95). Commercial airlines and private aviation provide extensive service to business travelers of Birmingham's major national and international corporations, which include nationally-ranked banks. It has passenger rail as well.[5]

12. The Montiel plaintiffs incorrectly contend that Birmingham is less accessible than Providence and remote by comparison. Omnibus Reply at p. 8. The opposite is true. As shown above, the Northern District of Alabama is geographically closer to the related actions and more accessible to the parties, witnesses, records, and events in them. It is much more convenient for those reasons. See e.g., In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. at 255 (criteria for transfer include locations where principal witnesses reside).

13. The Montiel plaintiffs, who are Sonia Montiel and Carol Nunes-

[5] It is suggested in the responses that rail travel from Washington, D.C., the location of designated defense counsel, to St. Louis or Little Rock would impose conspicuous burdens on counsel. Omnibus Reply at p. 5. The Movants happily report that Birmingham is connected to Washington, D.C., by direct commercial flights, to and from Baltimore-Washington International Airport (BWI), specifically, so no equivalent burden could obtain if the MDL is placed in Birmingham).

McNamara, do not allege that defects in the medical device have physically injured them. Their complaint, prior to being amended, sought relief only from the risk of future injury (via medical monitoring, specifically). They amended of right after they and the Movants requested a MDL, eliminating their original claim and substituting three others in its place. They did so without adding any factual averment of an alleged defect having materialized and caused specific harm. See Montiel v. Davol, Case No. 07-064, Doc. No. 15 (First Amended Class Action Complaint, April 9, 2007) at ¶¶ 2-3, 25-29. Presumably, the amended suit, like the original, rests on risks of injury ahead. The scope is limited and anticipatory, or chiefly anticipatory, one consequence of which is that the suit contains no claim for loss of consortium. For each of those reasons (in addition to those presented earlier), and specifically in terms of commonality of claims and facts, the Movants' lawsuit far exceeds Montiel as a suitable basis for coordinating and consolidating pretrial proceedings.

14. The Northern District of Alabama possesses a threshold attribute that the District of Rhode Island lacks: experience as a transferee court in a MDL involving claims of medical product liability. It is undisputed that the District of Rhode Island lacks experience of any kind as a transferee court in a MDL. The pertinent experience of the Northern District of Alabama (which is undisputed) is cited with

authority on pages 3-4 (¶ 11) of the Movants' memorandum.

**B. A MDL IS WARRANTED, IN THE NORTHERN DISTRICT OF ALABAMA PARTICULARLY, THE DEFENDANTS' OPPOSITION <u>NOTWITHSTANDING</u>.**

Defendants Davol and Bard wrongly contend that the number of related actions is too few to warrant a MDL. Defendants' Memorandum (March 20, 2007) at p. 6. The number of related actions "has grown considerably" in the several weeks since the <u>Montiel</u> plaintiffs moved for the MDL. That fact alone (i.e., "has grown considerably") makes a MDL appropriate, as follows:

> The Panel previously denied a motion for transfer under Section 1407 brought by FedEx Ground, which encompassed seven actions. In the intervening months, however, the litigation <u>has grown considerably</u>. Indeed, the number of pending actions has nearly quadrupled, which underscores the need for economies of scale that centralized pretrial management of these actions will provide. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

<u>In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)</u>, 381 F. Supp.2d 1380, 1381 (J.P.M.L. 2005) (emphasis added) (citation omitted).

To the seven related actions remaining with <u>Montiel</u> on the <u>Montiel</u> motion for the MDL, the Movants added five related actions (their own plus four), and in the few weeks since the Movants' filing, two more actions have been filed (<u>DiLeonardo</u> and <u>Montgomery</u>, reported above). That doubles from seven to fourteen the total constituent actions, noticed tag-along actions, and potential tag-

Case 3:07-cv-00480-LTMDA Document 2 Filed 04/26/2007 Page 13 of 20

alongs. At that pace, dozens of more related lawsuits can be expected in 2007. The case is not too small to warrant a MDL.

Davol and Bard also contend that voluntary coordination among the parties in the related cases properly can substitute for a MDL, sparing the Panel any need to order a MDL. Defendants' Memorandum (March 20, 2007) at p. 9. Voluntary coordination cannot achieve the economies and efficiencies which are the purposes of 28 U.S.C. § 1407. In re Fosamax Products Liability Litigation, MDL 1789, Transfer Order at pp. 2-3 (J.P.M.L. August 16, 2006). The defense contention is unavailing.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the JPML order that the related actions in this proceeding and all subsequent related actions be transferred to the Northern District of Alabama and consolidated and coordinated with Hall v. Davol.

Respectfully submitted this 25th day of April, 2007:

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
Ala. State Bar No. ASB-3591-N74W
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203
Ph. 205/326-3336
Facsimile 205/326-3332

*Counsel for Plaintiffs Lilyan Kathleen Hall and Alonzo Hall*
Hall v. Davol, Inc., Case No. 3:07 CV 0480-TMP
(In re: Kugel Mesh Hernia Patch Litigation, MDL No. 1842)

*Of Counsel:*

Timothy C. Davis
William L. Bross
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham AL 35203

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing reply brief has been served upon (1) all counsel identified on the Updated Panel Attorney List issued by the JPML in MDL 1842 on April 10, 2007; (2) the Clerks of Court of the judicial districts in which the related (or potentially related) cases of this proceeding are pending, and (3) plaintiffs' attorneys of record and defendants in two recently-filed, potentially-related actions, by depositing same in the United States mail, first-class postage prepaid, correctly addressed, this 25th day of April, 2007, as follows:

Harris L. Pogust
Pogust & Braslow, LLP
161 Washington Street, Suite 1520
Conshocken, PA 19428
Counsel for Plaintiffs: Jenine Von Essen, et al.,
D. New Jersey, C.A. No. 2:06-04786

M. Graham Dobbs
Gray, Ritter & Graham , P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826
Counsel for Plaintiffs: Timothy J. Edgar, et al.,
E.D. Missouri. C.A. No. 4:06-01471

Craig Philip Niedenthal
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
Counsel for Plaintiffs: Jane R. Wilson, et al.,
N.D. Florida, C.A. No. 3:06-00541

Jonathan Alan Saul
Thomas Minder and Associates
2151 River Plaza Drive, Suite 290
Sacramento, CA 95833
Counsel for Plaintiffs: Daniel Poston, Darline Poston. et al.,
E.D. California. C.A. No.2 :01-00032

Joseph W. Phebus
Phebus & Koester
136 W. Main Street
P.O. Box 1008
Urbana, IL 61801
Counsel for Plaintiffs: James Daniel Mathein, et al.,
C.D. Illinois, C.A. No. 2:07-02031

Edward A. Wallace
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Counsel for Plaintiffs: Sonia Montiel, et al.,
D. Rhode Island, C.A. No. 1:07-00064

David A. Hodges
Centre Place
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Counsel for Plaintiffs: Mary Jane Campbell,
Carolene Jean Carter, et al.,
W.D. Arkansas, Case No. 06-5154
E.D. Arkansas, C.A. No. 04:06-01012

Peter J. Brodhead
Spangenberg, Shibley & Liber
1900 East Ninth Street, Suite 2400
Cleveland OH 44114
Counsel for Plaintiffs: Sayler v. Davol,
Case No. 1:07 CV 0765-LW, U.S. Dist. Ct., N.D. Ohio

Joe G. Hollingsworth
Spriggs & Hollingsworth
1350 I Street, NW
9th Floor
Washington, DC 20005
Counsel for Defendants Davol, Inc., C.R. Bard, Inc.,
in multiple related actions

Andrew John Carboy, Sr.
Sullivan Papain Block McGrath & Cannavo
120 Broadway, 18th Floor
New York, NY 10271
For Plaintiffs in Hyland v. Bard, Katechis v. Davol

Donald D. Zuccarello
Law Office of Donald D. Zuccarello
3209 West End Avenue
Nashville, TN 37203
For Plaintiff in Luffman v. Bard

William Douglas Martin, LLP
KUTAK ROCK, LLP
214 W. Dickson
Fayetteville AR 72701
Counsel For Defendant WCO Medical Products Corp.
(and for Surgical Sense, Inc.),
Campbell v. Davol, Case No. 5:06 CV 05154

*[W. Lewis Garrison, Jr.*
*HENINGER GARRISON DAVIS, LLC*
*2224 First Avenue North*
*Birmingham AL 35203*
*Counsel for Plaintiffs in*
*Hall v. Davol, Inc., Case No. 3:07 CV 0480]*

Clerk of the Court, U.S. District Court
Eastern District of Arkansas
600 West Capitol Avenue
Little Rock AR 72201-3325
Re: Carter v. Davol, Case No. 4:06 CV 01012 JLH

Clerk of the Court, U.S. District Court
Northern District of Florida
1 North Palafox St.
Pensacola FL 32502

Re: <u>Wilson v. Davol</u>, Case No. 3:06 CV 0541/MCR/EMT
Re: <u>Montgomery v. Davol</u>, 3:07 CV 0176

Clerk of the Court, U.S. District Court
Western District of Arkansas
P. O. Box 1547
Fort Smith AR 72902-1547
Re: <u>Campbell v. Davol</u>, Case No. 5:06 CV 05154

Clerk of the Court, U.S. District Court
District of New Jersey
50 Walnut Street
Newark NJ 07101
Re: <u>Essen v. C.R. Bard</u>, Case No. 2:06 CV 04786

Clerk of the Court, U.S. District Court
Eastern District of Missouri
111 South 10th Street, Suite 3.300
St. Louis MO 63102
Re: <u>Edgar v. Davol</u>, Case No. 4:06 CV 01471

Clerk of the Court, U.S. District Court
Eastern District of California
501 "I" Street
Sacramento CA 95814
Re: <u>Poston v. Davol</u>, Case No. 2:07 CV 0032

Clerk of the Court, U.S. District Court
Central District of Illinois
218 U.S. Courthouse
201 S. Vine Street
Urbana IL 61802
Re: <u>Mathein v. C.R. Bard</u>, Case No. 2:07 CV 02031

Clerk of the Court, U.S. District Court
District of Rhode Island
One Exchange Terrace
Providence RI 02903

Re: <u>Montiel v. Davol, Inc.</u>, Case No. 07-064

Clerk of the Court, U.S. District Court
Northern District of Ohio
801 West Superior Avenue
Cleveland OH 44113-1830
Re: <u>Sayler v. Davol</u>, Case No. 1:07 CV 0765-LW

Clerk of the Court, U.S. District Court
Middle District of Tennessee
801 Broadway
Nashville TN 37203
Re: <u>Luffman v. C.R. Bard</u>, 3:07 CV 0243

Clerk of the Court, U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201
Re: <u>Hyland v. Davol</u>, 2:07 CV 01054-ETB
Re: <u>DiLeonardo v. Davol</u>, 1:07 CV 1540

Clerk of the Court, U.S. District Court
Southern District of New York
500 Pearl Street
New York NY 10007-1312
Re: <u>Katechis v. Davol</u>, 1:07 CV 02098-BSJ

Clerk of the Court, U.S. District Court
Northern District of Alabama
1729 Fifth Avenue North
Birmingham AL 35203
Re: <u>Hall v. Davol, Inc.</u>, Case No. 3:07 CV 0480

Michael A. London
DOUGLAS & LONDON, P.C.
111 John Street, Suite 1400
New York NY 10038
Counsel for Plaintiffs in

DiLeonardo v. Davol, 1:07 CV 1540

R. Jason Richards
Neil D. Overholtz
ALYSTOCK, WITKIN, KREIS
& OVERHOLTZ, PLLC
4400 Bayou Blvd., Ste. 58A
Pensacola FL 32503
Counsel for Plaintiffs in
Montgomery v. Davol, 3:07 CV 0176,

Davol, Inc.
100 Sockanosset Crossroad
Cranston RI 02920
Defendant: DiLeonardo v. Davol, 1:07 CV 1540,
and Montgomery v. Davol, 3:07 CV 0176,

C.R. Bard, Inc.
730 Central Avenue
Murray Hill NJ 07974
Defendant: DiLeonardo v. Davol, 1:07 CV 1540,
and Montgomery v. Davol, 3:07 CV 0176

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.