FILED
2007 Jun-08 PM 01:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **LILYAN KATHLEEN HALL and ALONZO HALL,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION: 3:07 CV 0480 - TMP** |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **DAVOL, INC. AND C.R. BARD, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RULE 26(f) REPORT**

1. Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Uniform Initial Order, a telephonic meeting was held on May 17, 2007, between Melanie M. Bass for Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") and Lewis W. Garrison, Jr., for Plaintiff Lilyan Kathleen Hall and Plaintiff Alonzo Hall. Kirby T. Griffis of SPRIGGS & HOLLINGSWORTH also attended on behalf of Davol and Bard. Subsequent to that meeting, Defendants have unsuccessfully attempted to coordinate the filing of this Report with Plaintiffs' counsel. Therefore, mindful of the deadlines set out in this Court's Uniform Initial Order, Defendants now submit this Rule 26(f) Report to advise the Court about this case and to present Defendants' proposed pre-trial deadlines and procedures. Plaintiffs have advised Defendants that they may object to some of the statements in the Synopsis of the Case, but Defendants have not yet received an alternative draft from plaintiffs. Defendants believe that Plaintiffs are in agreement with the remainder of this Report.

2. **Synopsis Of The Case.** Defendants state as follows:

This is a complex product liability case involving the Composix® Kugel® Patch (the "Patch"), a prescription surgical mesh prosthetic manufactured and sold by Davol, a subsidiary of Bard. The Patch comprises a product line of nine prescription medical devices manufactured by Davol Inc. The various models are used to surgically repair soft-tissue defects, most commonly incisional hernias of the abdominal region. As the name suggests, "incisional" hernias are those caused by the failure of the integrity of a prior surgical repair (*i.e.*, an incision). To repair those hernias, the Patch is placed underneath the failed tissue and against the patient's bowel. The Patch has two surfaces, an expanded polytetrafluoroethylene (ePTFE) layer which faces the bowel and is designed to minimize tissue adhesions between the bowel and the device, and a polypropylene mesh layer which is designed to promote tissue ingrowth and thus a strong repair. Because the surgeon must pass the Patch through the smallest possible opening, whether implanting it directly or laparoscopically, the Patch also has one or two polyethylene terephthalate ("PET") "memory recoil rings." The rings allow the Patch to be rolled tightly enough to pass through a small surgical incision or a laparoscopic port, and then to redeploy into its original position so that it can be sutured or stapled in place. The rings are manufactured from PET material that is cut to length and then ultrasonically welded to form a closed loop.

Davol and Bard recalled three of the nine Patch product models fifteen months ago, on December 22, 2005, and three additional models on March 17, 2006, following reports that suggested that the ring welds could fail, causing the memory recoil rings to break.[1] This litigation ensued.

---

[1] On January 10, 2007, Davol recalled additional lots of the same models recalled on March 17, 2006.

There are multiple Composix® Kugel® Patch cases pending in state and federal courts across the country. Counsel for plaintiffs in several of the federal court cases have filed motions before the Judicial Panel on Multidistrict Litigation ("JPML") requesting that all federal cases, including this one, be consolidated for pretrial proceedings before a single court. Counsel for Plaintiffs has joined the request for pretrial consolidation, and have asked that all federal cases be consolidated in the Northern District of Alabama. Defendants have opposed the request for MDL proceedings. The JPML took up these motions on May 31, 2007; a ruling is now pending.

Plaintiffs in the instant action filed their complaint on or about March 14, 2007, stating claims for negligence, liability under the Alabama Extended manufacturer's Liability Doctrine, failure to warn, breach of implied warranty of merchantability, fraud (suppression and misrepresentation), and loss of consortium. Plaintiffs allege that Ms. Hall underwent surgery on or about September 28, 2005, at Shoals Hospital to repair a ventral hernia using a Composix® Kugel® Patch. Plaintiffs allege that subsequent to this hernia repair surgery (in or about October 2005) Ms. Hall developed a postoperative abdominal wall abscess and a small bowel fistula requiring another hospital admission. Plaintiffs state further that Ms. Hall underwent additional surgery on November 11, 2005, during which the Composix® Kugel® Patch was removed "totally and intact." Plaintiffs allege that after this surgery Ms. Hall remained hospitalized for two months, during which she had approximately 18 additional surgical procedures to correct ongoing medical problems. On January 16, 2006, Plaintiffs state that Ms. Hall was hospitalized again for chronic abdominal problems. During this admission, she had an apparent seizure resulting in respiratory arrest and a possible stroke, causing some neurological deficits. Plaintiffs allege that Ms. Hall has since been admitted to Vanderbilt Hospital for repair of a chronic abdominal fistula.

3. **Pre-discovery Disclosures.** The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) within 20 days of this Report.

4. **Discovery Plan.** Defendants expect that discovery will be needed on the following subjects: (1) Product identification and malfunction; (2) General causation (i.e., whether the Composix® Kugel® patch allegedly implanted into Ms. Hall can cause the type of injuries alleged); (3) Specific causation (*i.e.*, whether the Composix® Kugel® patch allegedly implanted into Ms. Hall was in fact the cause of Plaintiffs' claimed injuries); (4) Alternative causation (whether and to what extent Plaintiffs' alleged injuries were caused by factors other than the implantation of the Composix® Kugel® patch, including but not limited to Ms. Hall's idiosyncratic reaction to the polypropylene mesh component of the product).

At the outset, an initial determination must be made as to whether Ms. Hall received a Composix® Kugel® Patch that was subject to Defendants' voluntary recall, and, if so, whether there is objective medical evidence of a defect (*i.e.*, a memory recoil ring break) in that particular product. This discovery should proceed first, given that this determination will dictate the extent of discovery and may affect the potential for early resolution of this case.

a. In light of the foregoing considerations, Defendants propose the following discovery and trial schedule:

i. July 27, 2007. Deadline for joinder of parties and amendment of pleadings.

ii. March 31, 2008. Plaintiffs' expert disclosures and reports due.

iii. June 2, 2008. Plaintiffs' experts to be deposed by this date.

iv. June 16, 2008. Defendants' expert disclosures and reports due.

v. August 11, 2008. Defendants' experts to be deposed by this date.

vi. August 29, 2008. Deadline for completion of discovery.

vii. September 5, 2008. Deadline for filing dispositive motions.

viii. September 5, 2008. Deadline for filing *Daubert* and other dispositive motions.

ix. September 29, 2008. Due date for witness and exhibit lists.

x. October 2008. Pretrial conference.

xi. November 2008. Trial.

b. All other discovery deadlines and/or limitations will be governed by the Federal Rules of Civil Procedure and any Local Rules of this Court. In any event, the discovery deadlines, limitations, and procedures shall be subject to modification by agreement of the parties or upon motion for good cause shown.

5. **Discovery And Production Of Electronic Information**. Discovery of electronically stored information will be handled as follows.

a. Defendants will produce documents, upon entry of an appropriate protective order, in the following format. Documents will be produced electronically in TIFF format with accompanying files containing full-text information either extracted from the native format or from OCR.

b. Because they are not reasonably accessible in terms of burden and costs, Defendants object to the production of the following categories of electronic documents: (1) Documents requiring forensic-recovery methods or for which applications other than those used to create material in the ordinary course of business must be employed to confirm whether responsive material exists; (2) "Documents" constituting electronic voice communications (or recordings thereof); (3) "Documents" constituting deleted,

shadowed, echoed, fragmented, or residual data or file attributes, properties, and metadata; and (4) Electronic data in the possession of entities other than C.R. Bard, Inc. or Davol, Inc. In addition, Defendants shall not have any duty to produce or preserve electronic documents to the extent that doing so will require that the ordinary functioning of computers, databases, and similar systems be suspended, including the routine and automatic alteration of database information, metadata, and the like. Likewise, Defendants will not search disaster-recovery media and other media and sources that are not reasonably accessible.

6. **Protective Order.** The parties will prepare an agreed protective order for submission to the Court. The order will address, among other things, how claims of privilege or confidentiality may be asserted after production.

7. **Settlement Evaluation.** Settlement cannot be evaluated at this time, pending additional information as to whether Ms. Hall received a Composix® Kugel® Patch that was subject to Defendants' voluntary recall, and, if so, whether there is objective medical evidence of a defect (*i.e.*, a memory recoil ring break) in that particular product.

Dated: June 8, 2007

Respectfully submitted,

Crawford McGivaren, Jr.
Melanie M. Bass
CABANISS, JOHNSTON, GARDNER, DUMAS & O'NEAL LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203

*COUNSEL FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mr. W. Lewis Garrison, Jr.
Mr. Timothy C. Davis
Mr. William L. Bross
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203

by electronic filing this 8 day of June 2007.

OF COUNSEL