FILED
2007 Jun-14 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

**LILYAN KATHLEEN HALL and ALONZO HALL,** )
)
**Plaintiffs,** )
)
**v.** ) **Civil Action No. 3:07-CV-0480-TMP**
)
**DAVOL, INC. and C.R. BARD, INC.,** )
)
**Defendants.** )

**JOINT RULE 26(f)REPORT**

1. Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Uniform Initial Order, a telephonic meeting was held on May 17, 2007 between Melanie M. Bass for Defendant Davol, Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") and Lewis W. Garrison, Jr., for Plaintiff Lilyan Kathleen Hall and Plaintiff Alonzo Hall. Kirby T. Griffis of SPRIGGS & HOLLINGSWORTH also attended on behalf of Davol and Bard.[1]

2. **Synopsis of the Case.** This is a complex product liability case involving the Compsix® Kugel® Patch (the "Patch"), a prescription surgical mesh prosthetic manufactured and sold by Davol, a subsidiary of Bard. The Patch comprises a product line of nine prescription medical devices manufactured by Davol, Inc. The various models are used to surgically repair soft-tissue defects, most commonly incisional hernias of the abdominal region. As the name suggests, "incisional" hernias are those caused by the failure of the integrity of a prior surgical repair (i.e., an incision). To repair those hernias, the Patch is placed underneath the failed tissue and against the patient's bowel. The Patch

[1] This joint report supplants the report filed by Defendants on June 8, 2007.

Case 3:07-01843-BL-TDA Document 2416 Filed 07/29/2007 Page 2 of 6

has two surfaces, an expanded polytetrafluoroethylene (ePTFE) layer which faces the bowel and is designed to minimize tissue adhesions between the bowel and the device, and a polypropylene mesh lawyer which is designed to promote tissue ingrowth and thus a strong repair. The Patch aslo has one or two polyethylene terephthalate ("PET") "memory recoil rings." The rings allow the Patch to be rolled tightly enough to pass through a small surgical incision or a laparoscopic port, and then to redeploy into its original position so that it can be sutured or stapled in place.

Davol and Bard recalled three of the nine Patch product models fifteen months ago, on December 22, 2005, and three additional models on March 17, 2006, following reports that suggested that the ring welds could fail, causing the memory recoil rings to break.[2]

There are multiple Composix® Kugel® Patch cases pending in state and federal courts across the country. Counsel for plaintiffs in several of the federal court cases have filed motions before the Judicial Panel on Multidistrict Litigation ("JPML") requesting that all federal cases, including this one, be consolidated for pretrial proceedings before a single court. Counsel for Plaintiffs has joined the request for pretrial consolidation, and have asked that all federal cases be consolidated in the Northern District of Alabama. Defendants have opposed the request for MDL proceedings. The JPML heard these motions on May 31, 2007.

Plaintiffs in the instant action filed their complaint on or about March 14, 2007, stating claims for negligence, liability under the Alabama Extended Manufacturer's Liability Doctrine, failure to warn, breach of implied warranty of merchantability, fraud (suppression

---

[2]On January 10, 2007, Davol recalled additional lots of the same models recalled on March 17, 2006.

and misrepresentation), and loss of consortium. Plaintiffs allege that Ms. Hall underwent surgery on or about September 28, 2005, at Shoals Hospital to repair a ventral hernia using a Composix® Kugel® Patch. Plaintiffs allege that subsequent to this hernia repair surgery (in or about October 2005) Ms. Hall developed a postoperative abdominal wall abscess and a small bowel fistula requiring another hospital admission. Plaintiffs state further that Ms. Hall underwent additional surgery on November 11, 2005, during which the Composix® Kugel® Patch was removed "totally and intact." Plaintiffs allege that after this surgery Ms. Hall remained hospitalized for two months, during which she had approximately 18 additional surgical procedures to correct ongoing medical problems. On January 16, 2006, Plaintiffs state that Ms. Hall was hospitalized for chronic abdominal problems. During this admission, she had an apparent seizure resulting in respiratory arrest and a possible stroke, causing some neurological deficits. Plaintiffs allege that Ms. Hall has since been admitted to Vanderbilt Hospital for repair of a chronic abdominal fistula.

3. **Pre-Discovery Disclosures.** The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) within 20 days of this Report.

4. **Discovery Plan.** The parties expect that discovery will be needed on the following subjects: (1) Product identification and malfunction; (2) General causation (i.e., whether the Composix® Kugel® Patch allegedly implanted into Ms. Hall can cause the type of injuries alleged); (3) Specific causation (i.e., whether the Composix® Kugel® Patch allegedly implanted into Ms. Hall was in fact the cause of Plaintiffs' claimed injuries); (4) Alternative causation (whether and to what extent Plaintiffs' alleged injuries were caused by factors other than the implantation of the Composix® Kugel® Patch, including but not limited to Ms.

Hall's idiosyncratic reaction to the polypropylene mesh component of the product).

At the outset, an initial determination must be made as to whether Ms. Hall received a Composix® Kugel® Patch that was subject to Defendants voluntary recall, and, if so, whether there is objective medical evidence of a defect (i.e., a memory recoil ring break) in that particular product. Discovery pertaining to the issues of a defective ring break will proceed first, given this determination will dictate the extent of discovery and may affect the potential for early resolution of this case.

a. In light of the foregoing considerations, the parties propose the following discovery and trial schedule:

i. July 27, 2007. Deadline for joinder of parties and amendment of pleadings.

ii. January 31, 2008. Plaintiffs' expert disclosures and reports due.

iii. April 2, 2008. Plaintiffs' experts to be deposed by this date.

iv. April 16, 2008. Defendants' expert disclosures and reports due.

v. June 11, 2008. Defendants' experts to be deposed by this date.

vi. June 29, 2008. Deadline for completion of discovery.

vii. July 5, 2008. Deadline for filing dispositive motions.

viii. July 5, 2008. Deadline for filing *Daubert* and other dispositive motions.

ix. July 29, 2008. Due date for witness and exhibit lists.

x. August 2008. Pretrial conference.

xi. September 2008. Trial.

b. All other discovery deadlines and/or limitations will be governed by the Federal Rules of Civil Procedure and any Local Rules of the Court. In any event, the

discovery, deadlines, limitations, and procedures shall be subject to modification by agreement of the parties or upon motion for good cause shown.

5. **Discovery and Production of Electronic Information.** Discovery of electronically stored information will be handled as follows:

a. Defendants will produce documents, upon entry of an appropriate protective order, in the following format. Documents will be produced electronically in TIFF format with accompanying files containing full text information either extracted from the native format or from OCR.

b. Because they are not reasonable accessible in terms of burden and costs, Defendants object to the production of the following categories of electronic documents: (1) Documents requiring forensic-recovery methods or for which applications other than those used to create material in the ordinary course of business must be employed to confirm whether responsive material exists; (2) “Documents” constituting electronic voice communications (or recordings thereof); (3) “Documents” constituting deleted, shadowed, echoed, fragmented, or residual data or file attributes, properties, and metadata; and (4) Electronic data in the possession of entities other than C.R. Bard, Inc. or Davol, Inc. In addition, Defendants shall not have any duty to produce or preserve any electronic documents to the extent that doing so will require that the ordinary functioning of computers, databases, and similar systems be suspended, including the routine and automatic alteration of database information, metadata, and the like. Likewise, Defendants will not search disaster-recovery media and other media and sources that are not reasonably accessible

6. **Protective Order**. The parties will prepare an agreed protective order for submission

to the Court. The order will address, among other things, how claims of privilege or confidentiality may be asserted after production.

7. **Settlement Evaluation.** Settlement cannot be evaluated at this time, pending additional information as to whether Ms. Hall received a Composix® Kugel® Patch that was subject to Defendants' voluntary recall, and, if so, whether there is objective medical evidence of a defect (i.e., a memory recoil ring break) in that particular product.

Dated: June ____, 2007.

Respectfully submitted,

______________________________
Crawford McGivaren, Jr.
Melanie M. Bass
Cabannis, Johnston, Gardner,
Dumas & O'Neal, LLP
2001 Park Place North
Suite 700
Birmingham, AL 35203

*Counsel for Defendant Davol, Inc.*
*And Defendant C.R. Bard, Inc.*

______________________________
W. Lewis Garrison, Jr.
Timothy C. Davis
William L. Bross
HENINGER GARRISON DAVIS
2224 1st Avenue North
Birmingham, AL 35203